1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRANCE L. HARRIS, JR.

11          Petitioner,              No. CIV S-09-0264 WBS DAD P

12      vs.

13   TOM FELKER, Warden,             ORDER AND

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On February 9, 2009, the undersigned ordered respondent

18   to file and serve a response to the petition.  On April 7, 2009, respondent filed the pending

19   motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism

20   and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the

21   motion and respondent has filed a reply.[1]

22   /////

23   /////

24   _____

25      [1]  On May 20, 2009, the undersigned issued an order to show cause, ordering petitioner to
     file an opposition to respondent's motion to dismiss within twenty days.  In response to the court's
     order, petitioner filed his opposition to respondent's motion.  Accordingly, the court will discharge
26   its order to show cause.

1

**BACKGROUND**

On February 23, 2004, a Sacramento County Superior Court jury convicted petitioner of first degree murder and found a firearm enhancement allegation to be true.  Pursuant to that verdict, the trial court sentenced petitioner to an indeterminate term of twenty-five years to life in state prison, plus a consecutive twenty-five years to life in state prison on the firearm enhancement.  On January 12, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction.  On April 12, 2006, the California Supreme Court denied review.  (Pet. at 2; Resp't's Lodged Docs. 1-4.)

Petitioner subsequently filed three petitions for writ of habeas corpus in state court.  In this regard, on March 14, 2007, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on May 22, 2007.  On June 19, 2007, he filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on July 6, 2007.  Finally, on August 8, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on January 30, 2008.  (Resp't's Lodged Docs. 5-10.)

On January 20, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus.

**RESPONDENT'S MOTION TO DISMISS**

I.  Respondent's Motion

Respondent moves to dismiss the pending petition, arguing that it is time-barred.  Specifically, respondent argues that on April 12, 2006, the California Supreme Court denied petitioner's petition for review, causing his judgment of conviction to become "final" on July 11, 2006, after the time for filing a petition for writ of certiorari expired.  Respondent argues that the one-year statute of limitations for the filing a federal habeas petition began to run the following day, on July 12, 2006, and expired one year later on July 11, 2007.  (Resp't's Mot. to Dismiss at 3.)

1    Respondent acknowledges that the proper filing of a state post-conviction

2    application challenging a judgment of conviction tolls the one-year statute of limitations period.

3    Respondent notes that petitioner did not file his first habeas petition in state court until 246 days

4    of the federal statute of limitations had elapsed.  Respondent concedes that petitioner is entitled

5    to tolling for the time that his first, second, and third habeas petitions were pending in state court.

6    (Resp't's Mot. to Dismiss at 4.)

7    Granting petitioner the benefit of tolling for the time that his first, second, and

8    third habeas petitions were pending before the state courts, respondent argues that the one-year

9    statute of limitations for the filing of a federal petition nonetheless expired on May 29, 2008.

10   Respondent notes that petitioner did not file his federal petition pending before this court until

11   January 20, 2009.  Accordingly, respondent concludes that petitioner's federal petition for writ of

12   habeas corpus is untimely and should be dismissed with prejudice.  (Resp't's Mot. to Dismiss at

13   4-5.)

14   II.  Petitioner's Opposition

15   In a brief opposition to respondent's motion to dismiss, petitioner argues that he is

16   ignorant of the law and is a layman "on all accounts."  He also argues that the prison law library

17   system is inadequate and oftentimes unavailable to inmates housed on the "C" Facility at High

18   Desert State Prison such as him.  Finally, petitioner argues that his parents asked him to "hold on

19   as long as possible" before filing a petition for writ of habeas corpus because they wanted to hire

20   an attorney to assist him in his efforts.  However, according to petitioner, due to an economic

21   downfall, his family was never able to retain an attorney.  Under these circumstances, petitioner

22   concludes that the court should deny respondent's motion to dismiss and proceed to address the

23   merits of his habeas petition.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-2.)

24   III.  Respondent's Reply

25   In reply, respondent contend that petitioner does not dispute the contents of the

26   pending motion to dismiss and is instead merely arguing for the application of equitable tolling to

3

1    which he is not entitled.  For example, respondent argues, petitioner claims that he "innocently

2    miscalculated the deadline" and lacks knowledge of the legal system.  However, according to

3    respondent, petitioner's miscalculation of the filing deadline and unfamiliarity with the legal

4    system do not constitute extraordinary circumstances justifying an untimely habeas filing.  Also,

5    according to respondent, petitioner's assertion that he has limited access to the law library fails

6    because petitioner has provided the court with no specifics or explanation as to why his access to

7    the prison law library was limited or how that prevented him from filing a timely federal habeas

8    petition.  Finally, respondent argues, petitioner's claim that his family asked him to "hold on as

9    long as possible" not only fails to support the application of equitable tolling in this case but in

10   fact shows that petitioner deliberately delayed in filing his federal petition.  Respondent asserts

11   that a family's unexpected financial difficulty does not warrant equitable tolling because ample

12   provision has been made for prisoners to seek legal redress without the assistance of counsel.

13   (Resp't's Reply at 1-4.)

14                                 **ANALYSIS**

15   I.  The AEDPA Statute of Limitations

16              On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

17   by adding the following provision:

18      (d)(1)  A 1-year period of limitation shall apply to an application
      for a writ of habeas corpus by a person in custody pursuant to the
19     judgment of a State court.  The limitation period shall run from the
      latest of –

20

21          (A) the date on which the judgment became final by the
      conclusion of direct review or the expiration of the time for
      seeking such review;
22

23          (B) the date on which the impediment to filing an
      application created by State action in violation of the Constitution
      or laws of the United States is removed, if the applicant was
24     prevented from filing by such State action;

25          (C) the date on which the constitutional right asserted was
      initially recognized by the Supreme Court, if the right has been
26   /////

newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
of due diligence.

      (2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy,

521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

      As noted above, on February 23, 2004, a Sacramento County Superior Court jury

convicted petitioner of first degree murder and found a firearm enhancement allegation to be

true.  As a result, the trial court sentenced petitioner to an indeterminate term of twenty-five years

to life in state prison, plus a consecutive twenty-five years to life in state prison for the firearm

enhancement.  On January 12, 2006, the California Court of Appeal for the Third Appellate

District affirmed the judgment of conviction and on April 12, 2006, the California Supreme

Court denied review.

      For purposes of federal habeas review, petitioner's conviction therefore became

final on July 11, 2006, ninety days after the California Supreme Court denied his petition for

review.  See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d

1157, 1158-59 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the

following day, on July 12, 2006, and expired one year later on July 11, 2007.  Petitioner did not

file his original federal habeas petition with this court until January 20, 2009.  Accordingly,

petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the

benefit of tolling.

/////

1  III.  Application of § 2244(d)(2)

2          "The time during which a properly filed application for State post-conviction or

3  other collateral review with respect to the pertinent judgment or claim is pending shall not be

4  counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

5  limitations is not tolled during the interval between the date on which a judgment becomes final

6  and the date on which the petitioner files his first state collateral challenge because there is no

7  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

8  commences state collateral proceedings, a state habeas petition is "pending" during a full round

9  of review in the state courts, including the time between a lower court decision and the filing of a

10  new petition in a higher court, as long as the intervals between the filing of those petitions are

11  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

12          In this case, 246 days of the one-year statute of limitations for the filing of a

13  federal habeas petition elapsed before petitioner filed his first state habeas petition in the

14  Sacramento County Superior Court on March 14, 2007.  As respondent acknowledges, petitioner

15  is entitled to statutory tolling for the 323 days that his first, second, and third habeas petitions

16  were pending before the California courts.  However, petitioner delayed nearly a year after the

17  California Supreme Court denied his third habeas petition on January 30, 2008, before he filed

18  his federal petition in this court on January 20, 2009.  Accordingly, by the time petitioner filed

19  his federal petition more than one year had run on the AEDPA statute of limitations, rendering

20  petitioner's federal habeas petition time-barred.[2]

21  IV.  Equitable Tolling

22          The United States Supreme Court has held that, "a litigant seeking equitable

23  tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

24  diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

25

26          [2]  In this regard, it appears that the pending petition was filed approximately seven and one-half months after the AEDPA statute of limitations for doing so had expired.

1   544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming

2   without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that

3   "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might

4   otherwise prevent a good faith litigant from having a day in court."  Harris v. Carter, 515 F.3d

5   1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations

6   will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002);

7   Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking

8   equitable tolling must show that the extraordinary circumstances alleged were the "but for" and

9   proximate cause of the untimely filing of his federal petition.  Bryant v. Ariz. Atty. Gen., 499

10  F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

11          Here, the court has construed petitioner's arguments regarding the timeliness of

12  his federal petition as a claim of entitlement to equitable tolling.  Even assuming petitioner has

13  been pursuing his rights diligently, he has not demonstrated that some extraordinary

14  circumstance stood in his way of timely filing his federal petition.  First, petitioner's lack of

15  understanding of the law and the legal system is not grounds for equitable tolling.  See, e.g.,

16  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal

17  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling");

18  Hughes v. Idaho State Bd. of Corrs., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's

19  illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

20          In addition, petitioner's limited access to the law library does not constitute

21  extraordinary circumstances warranting equitable tolling.  See, e.g., United States v. Van Poyck,

22  980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that the inability to secure copies of

23  transcripts from court reporters and lockdowns at prison lasting over one week and allegedly

24  eliminating access to law library were not extraordinary circumstances and did not equitably toll

25  the one-year statute of limitations).  Here, petitioner has not explained when or why he had

26  limited access to the prison law library at his institution of confinement.  Nor has he explained

7

1  his efforts to obtain access to the law library.  In this regard, petitioner has failed to show that

2  limited access to the law library was the actual or proximate cause of the delay in filing his

3  federal petition.  Moreover, "[p]risoners familiar with the routine restrictions of prison life must

4  take such matters into account when calculating when to file a federal [habeas] petition." <u>Boyd</u>

5  <u>v. Kramer</u>, No. Civ. S-05-00988 ALA HC, 2008 WL 782766, *6 (E.D. Cal. Mar. 21, 2008)

6  (quoting <u>Atkins v. Harris</u>, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999)

7  (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary

8  circumstances sufficient to equitably toll the [AEDPA] statute of limitations)). <u>Cf.</u> <u>Lindquist v.</u>

9  <u>Idaho State Board of Corrections</u>, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution does

10  not guarantee a prisoner unlimited access to a law library.")

11          Finally, petitioner's inability to retain an attorney due to his family's financial

12  difficulty does not provide grounds for the equitable tolling of the statute of limitations.  If this

13  were a sufficient ground to warrant equitable tolling, "the AEDPA statute of limitations period

14  effectively would be negated, given that the vast majority of Section 2254 litigants are not trained

15  lawyers and proceed pro se, because they lack the funds to retain counsel." <u>Bivens v. Campbell</u>,

16  No. CV. 08-00915 DOC (MAN), 2009 WL 1096277 (C.D. Cal. Apr. 22, 2009) (rejecting claim

17  for equitable tolling based on petitioner's lack of financial resources to retain habeas counsel).

18  <u>Cf.</u>  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996) (no absolute right to appointment

19  of counsel in habeas proceedings).

20          In sum, for the reasons discussed above, respondent's motion to dismiss should be

21  granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with

22  prejudice.

23                              **OTHER MATTERS**

24          Respondent has informed the court that Mike McDonald, not Tom Felker, is the

25  current acting warden at High Desert State Prison.  Respondent requests that the court substitute

26  Acting Warden McDonald as respondent in this action.  Petitioner has also filed a motion to

1   change the name of the respondent in this action from Tom Felker to Mike McDonald.  Good

2   cause appearing, the court will grant the parties' requests.

3                                   **CONCLUSION**

4           IT IS HEREBY ORDERED that:

5           1.  The court's May 20, 2009 order to show cause is discharged;

6           2.  Respondent's April 7, 2009 request to substitute Acting Warden McDonald as

7   respondent in this action (Doc. No. 11) is granted;

8           3.  Petitioner's June 8, 2009 motion (Doc. No. 15) is granted; and

9           4.  The Clerk of the Court is directed to amend the docket to reflect that Acting

10   Warden Mike McDonald is the respondent in this action.

11           IT IS HEREBY RECOMMENDED that:

12           1.  Respondent's April 7, 2009 motion to dismiss (Doc. No. 11) be granted; and

13           2.  This action be closed.

14           These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19   shall be served and filed within ten days after service of the objections.  The parties are advised

20   that failure to file objections within the specified time may waive the right to appeal the District

21   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22   DATED: October 30, 2009.

23

24                                           *Dale A. Drozd*

25   DAD:9                            DALE A. DROZD

      harr0264.157                  UNITED STATES MAGISTRATE JUDGE

26